**CHUN MEI JIANG, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

No. 07–4610.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Sept. 26, 2008.

Filed Sept. 26, 2008.

Chun Mei Jiang, New York, NY, pro se.

Richard M. Evans, Esq., Terri Leon–Benner, Esq., Barry J. Pettinato, Esq., Joan E. Smiley, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Chun Mei Jiang, a native and citizen of the People's Republic of China, entered the United States in March 2005 and applied for admission without a valid entry document. The Government charged her with removability, which she conceded. Jiang applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming persecution based on her practice of Falun Gong. The Immigration Judge ("IJ") made an adverse credibility finding, describing Jiang's testimony as vague, confusing, inconsistent, and contradictory, and concluding that a letter she produced in support of her claims was fraudulent. In a short order, the Board of Immigration Appeals ("BIA") agreed with the IJ's analysis and affirmed the decision. Jiang presents a petition for review.

We have jurisdiction over Jiang's petition under 8 U.S.C. § 1252(a). We review questions of law *de novo, see Gerbier v. Holmes,* 280 F.3d 297, 302 n. 2 (3d Cir. 2002), and we review factual findings, like an adverse credibility determination, for substantial evidence, *see Butt v. Gonzales,* 429 F.3d 430, 433 (3d Cir.2005). An adverse credibility finding must be afforded substantial deference, so long as the find-

ing is supported by sufficient, cogent reasons. *See id.* at 434. We evaluate whether the credibility determination was "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony ... in view of the background evidence of country conditions." *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir.2004). Because the adverse credibility determination in this case was supported by sufficient, cogent reasons, we will deny the petition for review.

Jiang testified that her friend in a neighboring village introduced her to Falun Gong in February 2003 because Jiang's health was poor (she felt weak and "had no energy in [her] limbs") after the death of her father in 2002. (However, later she testified that she started practicing in July 2003.) In addition to practicing Falun Gong at her friend's house and her own home, Jiang met with a group of 12 in a local school. She fears that if she is sent back to China, she will be imprisoned for 10 years and tortured to death. She conceded that she did not experience persecution in China ("nothing happened to [her]"). However, Jiang noted that her friend who taught her Falun Gong and nine others in her Falun Gong group were apprehended by police in July 2003 (a time she also characterized (inconsistently) as about a year after she began practicing Falun Gong). On cross-examination, she testified that police came to her mother's house in China and asked for Jiang's surrender after she had left. Jiang could not explain why she had not included her claim that the police were looking for her in her asylum application. Also, Jiang noted that she was busy working long hours to send money to her mother and pay her debt to a "snakehead," but that she practiced Falun Gong every morning and afternoon. Her uncle, with whom she lives, was present to testify about her Falun Gong prac-

tice in the United States. Also in evidence were letters from her mother and her friend, her uncle's affidavit, identification documents, the 2004 Country Report on China, and newspaper articles about the Chinese government's treatment of Falun Gong practitioners and prisoners. The IJ rejected Jiang's mother's letter as fraudulent because it was too similar to Jiang's account of what had happened.

Jiang's testimony was vague and inconsistent at times, although the IJ may have overstated the problems with Jiang's testimony. For instance, the IJ questioned why Jiang had testified that her friend's father had health problems that were cured by Falun Gong while she had written in her application that her friend had been the one with the health concerns. Although Jiang did not explain the discrepancy more than to say "that's what I said," also in evidence was a letter from the friend explaining that she and her father had both improved their health through Falun Gong, which would make the accounts consistent with each other. Furthermore, the essence of her claim— she practiced Falun Gong, some of her friends were arrested for practicing Falun Gong, and she feared arrest, too—remained consistent.

Nonetheless, Jiang's answers to some questions very relevant to her claim were confusing and inconsistent. For example, she said that the last time she spoke to her mother was when she first arrived in the United States, but in the next breath said that she still calls her mother "right now," then further specified that the last time she spoke to her mother was several days before the hearing. Jiang also reported that her mother told her in July 2005 that police were looking for her, but she could not explain why she did not include the information in her asylum application. Jiang noted that her mother no longer told

her about the police asking for her surrender (so as not to worry her) but went on to say that the police continue to search for her. By and large, she described the time she started practicing Falun Gong as February 2003 (around the time of the Lunar New Year). However, once Jiang said that she started practicing on July 22, 2003. She always stated that her friends were arrested in July 2003. However, once she inconsistently said that she began practicing about a year before her friends' arrest. When Jiang was asked to clarify these and other responses, her testimony was at times non-responsive. Furthermore, she did not mention the police searching for her in her application or in her direct testimony (the testimony was brought out on cross-examination).

Overall, the inconsistencies in Jiang's account provide some support for the IJ's adverse credibility determination. The record does not compel a conclusion contrary to that reached by the agency. We will deny the petition for review.